## 5715. HAYWOOD v. KITCHENS.

1. A writ of certiorari is not amendable so as to require an answer from an officer as to whom issuance of the writ was not prayed in the original petition for certiorari.

(a) Where, in a petition for certiorari, complaint is made of the actions or rulings of two magistrates, each of whom participated in different stages of the proceeding, but the petition for certiorari fails to ask that one of these magistrates be required to answer the writ, the petitioner can not, by filing exceptions to the answer of that magistrate to whom the writ of certiorari was originally directed, require an answer from the magistrate from whom no answer was invoked in the original petition for certiorari, and to whom consequently the writ had not been directed. The trial judge properly disallowed exceptions which sought, after the issuance of the writ of certiorari, to engraft upon the proceeding the issuance of another writ directed to an entirely different officer.

2. The only issue presented by the record is one of fact, and, there being ample evidence to support the verdict, the judge of the superior court did not err in overruling the certiorari.

DECIDED JANUARY 20, 1915.

Certiorari; from Glascock superior court—Judge Walker. April 14, 1914.

*J. C. Newsome,* for plaintiff in error.

RUSSELL, C. J. B. B. Kitchens, a physician, brought suit in a justice's court, against W. W. Haywood, upon an account for medical services. The jury returned a verdict in favor of the plaintiff. The defendant sued out a writ of certiorari, and here excepts to the judgment of the judge of the superior court, overruling the certiorari. The only real question in the evidence is whether there was an original undertaking of the defendant, by the express terms of which, as testified by the plaintiff, the plaintiff's services as a physician were employed by the defendant for a tenant or cropper of the defendant. Upon this issue the evidence was in direct conflict, but the doubts, if any, were resolved by the jury in favor of the plaintiff, and that issue is concluded. In the petition for certiorari there are assignments of error based upon alleged errors in the drawing of the jurors who tried the case, and an exception that the justice of the peace who presided assumed to act as such without warrant or authority. There is also complaint, presented by exceptions to the answer of the magistrate, that the answer was not responsive to the assignments of error to which we first referred. The judge of the superior court disallowed these excep-

tions, and the question is raised whether an answer can by exceptions be invoked from a magistrate whom a writ of certiorari, granted in compliance with the prayer of the petitioner for certiorari, did not direct to answer. Nothing is better settled than that a petition for certiorari is not amendable; and it does not appear that the writ issued in pursuance of the petition can properly be amended after the sanction of the petition, so as to include another and different magistrate than he to whom the writ was originally directed, and as to whom there was no prayer for process in the original petition. In the petition for certiorari there are various allegations of errors and irregularities upon the part of Justice Lyon, who presided in the trial of the case, and it might have been allowable for the petitioner to have asked, in the first instance, that a writ of certiorari be also directed to him, requiring him to answer as to his part in the proceeding; but the prayer for the writ of certiorari, was that it be directed to "D. L. Braswell, N. P. ex-officio J. P." The writ issued in exact conformity with the petitioner's request, and it was too late for the petition, after the sanction of the writ in accordance with his petition and the issuance of the process in compliance therewith, to create what would be in a sense a new cause of action, by engrafting a request for another writ, and requiring an answer from another entirely distinct officer than he of whose judgment complaint had been made in the first instance. The case might be different if there had been a prayer for the issuance of a writ as to both of the magistrates, and the clerk had by mistake or oversight only issued a writ directed to one; for no one is permitted to suffer by the mistakes or misprisions of clerical officers; but to allow, after the sanction of a writ of certiorari, the issuance of an additional writ, directed to an additional officer, is tantamount to permitting amendment of the prayer in the petition for certiorari, and consequently in violation of the well-settled rule that petitions for certiorari are not amendable.

*Judgment affirmed. Broyles, J., not presiding.*